Judge McMahon

08 CV 00180

4-180412
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CMA-CGM (AMERICA), INC.,

                        Plaintiff,

      - against -

SILVER LINE MOTORS, and
ISMAIL ELABDALLAH

                        Defendants.
------------------------------------------------------------X

CIVIL COMPLAINT
IN ADMIRALTY

RECEIVED
JAN 09 2008
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff CMA-CGM (AMERICA), INC., by LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, as and for its Complaint against defendants SILVER LINE MOTORS, and ISMAIL ELABDALLAH, in personam, in a cause of action civil and maritime, alleges upon information and belief:

      1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, the Ocean Shipping Reform Act of 1999, 46 U.S.C., App. Section 1701, et seq., and Service Contract terms between the parties.

      2. At all times hereinafter mentioned, plaintiff CMA-CGM (AMERICA), INC. was and still is a corporation organized and existing under the laws of the State of New Jersey with offices and a place of business at 5701 Lake Wright Drive, Norfolk, VA 23502.

      3. Upon information and belief and at all times hereinafter mentioned, defendant SILVER LINE MOTORS ("SLM") was and still is an unincorporated business in the State of Texas, with offices and a place of business at 2619 Shaver St., Pasadena, TX 77501.

      4. Upon information and belief and at all times hereinafter mentioned, defendant ISMAIL ELABDALLAH ("ELABDALLAH") was and still is a natural person and resident of the State of Texas, residing at 2619 Shaver St., Pasadena, TX 77501.

1

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT SLM

5. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-3, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

6. On November 2, 2006, the parties entered into a Service Contract whereby, inter alia, SLM would ship goods on plaintiff's Vessels to and including the expiration of the Service Contract on November 3, 2007, and would be responsible for certain charges including, but not limited to, ocean freight, detention, equipment demurrage, pre-loading demurrage, etc.

7. From August of 2007 to the present, SLM made numerous shipments with plaintiff, and incurred charges for Equipment Export Demurrage, Late/Missing Documentation charges, Change of Destination charge, Roll Over fee, Late Payment fees and Ocean Freight and related charges totalling $99,072.94 for a total of 65 invoices (Exhibit A – 65 pages).

8. Plaintiff has performed all acts required to be performed by plaintiff.

9. Defendant SLM has failed and refused and continues to fail and refuse to remit payment of $99,072.94, although duly demanded.

10. By reason of the foregoing, plaintiff has sustained damages in the amount of $99,072.94 which, although duly demanded, have not been paid.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT SLM

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-4, and 6-10, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

12. On November 19, 2007, a Statement of Account was sent to defendant, in writing, and received by defendant without protest (Exhibit B).

13. Plaintiff has performed all acts required to be performed by plaintiff.

14. Defendant SLM has failed and refused and continues to fail and refuse to remit payment of $99,072.94, although duly demanded.

15. By reason of the foregoing, plaintiff has sustained damages in the amount of $99,072.94 which, although duly demanded, have not been paid.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT ELABDALLAH

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-4, and 6-10, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

17. As sole owner and sole principal of SLM, defendant ELABDALLAH is jointly and severally liable for the $99,072.94 due.

18. Plaintiff has performed all acts required to be performed by plaintiff.

19. Defendant ELABDALLAH has failed and refused and continues to fail and refuse to remit payment of $99,072.94, although duly demanded.

20. By reason of the foregoing, plaintiff has sustained damages in the amount of $99,072.94 which, although duly demanded, have not been paid.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT ELABDALLAH

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-4, and 12-15, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

22. As sole owner and sole principal of SLM, defendant ELABDALLAH is jointly and severally liable for the $99,072.94 due.

23. Plaintiff has performed all acts required to be performed by plaintiff.

24. Defendant ELABDALLAH has failed and refused and continues to fail and refuse to remit payment of $99,072.94, although duly demanded.

25. By reason of the foregoing, plaintiff has sustained damages in the amount of $99,072.94 which, although duly demanded, have not been paid.

WHEREFORE, plaintiff prays:

1. On the First Cause of Action - for judgment in the amount of $99,072.94, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

2. On the Second Cause of Action – for judgment in the amount of $99,072.94, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

3. On the Third Cause of Action – for judgment in the amount of $99,072.94, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

4. On the Fourth Cause of Action – for judgment in the amount of $99,072.94, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

5. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendants citing them to appear and answer all the singular matters aforesaid.

6. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: New York, New York
January 8, 2008

        LAW OFFICES OF
        ALBERT J. AVALLONE & ASSOCIATES

By: _____
      Albert J. Avallone - AA1679
      Attorneys for Plaintiff
      CMA-CGM (AMERICA), INC.
      551 Fifth Avenue, Suite 1625
      New York, NY 10176
      (212) 696-1760